## Enoch Merrill *versus* Sophronia Parker.

In an action for goods sold and delivered, where it appeared, that a price was offered by the defendant for the article, and accepted by the plaintiff, and the defendant then said he " would come in a short time and take it, and pay for it," and it was marked as sold to him in his presence, and set aside in the plaintiff's shop and reserved for his use, and thus remained until the commencement of the suit; *it was held*, that this action could be maintained.

This was an action of indebitatus assumpsit, on an account

annexed.   The account is for a bureau, $20, interest, $2,50, storage of the bureau, $2,50.

The case was opened to the jury, and the plaintiff introduced a witness, who testified, that he had the care of the plaintiff's furniture shop; that some day between 15th August and 10th Sep. 1841, the defendant came to the shop; examined several bureaus.   The price of one was $22.   The defendant discussed the price, and it was finally put at $20.   She selected that one; said she wished the witness to set it apart for her; wished witness to mark it and keep it for her, and said she would call and take it in a few days; that she did not wish to take it then, but would come in a short time and take it and pay for it.   It was set aside and reserved for her; the witness inquired her name, and wrote upon the bureau, "sold S. Parker, $20;" that the defendant saw him write it; that he could not say she asked him to write it; that it is usual to write the purchaser's name in such cases; that he did not know that he moved the bureau from its place in the shop, or that there was any definite time fixed for her to come.

On cross-examination, the witness said, he expected she would pay for it when she took it; that nothing was said of the time of payment; that she never called for it or took it; that it yet remained in the shop.   The plaintiff moved for leave to amend by inserting a count on the contract to buy the bureau. It was objected to, and the Court refused leave.   The case was here taken from the jury, and it was agreed to submit the matter to the decision of the Court.   The Court to have authority to draw inferences and decide facts as the jury might.

REDINGTON, District Judge, ordered judgment to be rendered for the defendant, and the plaintiff appealed.

*Moor*, for the plaintiff, said the case shew, that a distinct offer was made by the defendant to purchase the article at a certain price; that the offer was accepted by the plaintiff; that the name of the defendant was marked upon it, as sold to her at that price, in her presence; and that it was put away in the shop according to her direction until she should call and take it and pay for it.   This is a question between the parties merely,

and as between them, the sale was complete, and the property in the article vested in the defendant.   2 Kent, 492 ; 2 Black. Com. 448 ; 2 Com. Dig. 62 ; *DeFonclear* v. *Shottenkirk*, 3 Johns. R. 170 ; 5 B. & A. 340 ; 6 B. & Cr. 360 ; Hammond on Sales, 5, 13 ; 2 Stark. Ev. 870 ; 1 B. & Ald. 681 ; *Lanfear* v. *Sumner*, 17 Mass. R. 110 ; *Shumway* v. *Rutter*, 8 Pick. 443.

Marking and putting away the article is sufficient to take the case out of the operation of the statute of frauds.   2 H. Bl. 348 ; 1 Campb. 233.   But when the purchase is actually made the statute is no bar.

The action for goods sold and delivered will lie ; and under the same count, the storage of the same goods may be recovered.   2 Stark. Ev. 873.

*H. A. Smith*, for the defendant, said that this action could not be maintained, being for goods sold and delivered, and not for refusing to complete the contract.   So long as any thing remains to be done before the purchaser is entitled to take and carry away the property, the seller cannot maintain an action for the price as for goods sold and delivered.   The plaintiff here was under no necessity to part with his property until payment was made.   If this suit can be maintained, the bureau was subject to be attached and taken as the property of the defendant, without payment.   Unless some time is fixed for payment, the payment is to be made at the time of the delivery of the goods.   The seller is not obliged to part with his goods until he has received his pay, but in such case, the sale is not so completed, that the seller can maintain an action for the price of the goods, as sold and delivered.   2 Com. on Con. 206, 216 ; 2 Black. Com. 446 ; Bul. N. P. 50 ; 2 Kent, 493 ; *Penniman* v. *Hartshorn*, 13 Mass. R. 87 ; *Phillips* v. *Hunnewell*, 3 Greenl. 381 ; *Houdlette* v. *Tallman*, 2 Shepl. 400 ; 7 Cowen, 85 ; Hill. on sales, c. 3, § 13.

The opinion of the majority of the Court, SHEPLEY J. dissenting, was drawn up by

WHITMAN C. J. — What shall be considered as constitut-

ing a sale of chattels, is not unfrequently attended with diffi-
culty.   Sales are sometimes complete as between the parties,
and not so as between them and other persons.   Again, sales
may be good, but for the intervention of the statute of frauds,
and not good where the statute applies; as where the goods
sold are of the value of thirty dollars or more.   The sale in this
case was of a bureau, the agreed value of which was twenty
dollars, and, therefore, not within the statute.   The difference
between cases coming within the statute, and those not affect-
ed by it, consists in certain formalities required to legalize
them, in the one case, which may be dispensed with in the
other.   In cases coming within the statute, the forms being
observed, the principles of decision are the same as in those
not coming within it.   We must look to the common law in
either case for those principles.   To constitute a sale there
must be a delivery of the article sold, either actual or con-
structive, to entitle the vendor to recover the price of it.   A
mere contract of sale is not sufficient.

The bureau, charged as sold in this case, was selected by
the defendant, and the price agreed upon.   She directed it to
be set apart, and to be kept and marked for her; and promised
to call and pay for it, and take it away in a few days; accord-
ingly it was marked, " sold S. Parker $20,00," in her presence,
and within her view; and had ever since been kept for her.
The question is, was this a sale, such as to authorize the main-
tenance of this action for the price?   It is laid down in
Com. Dig. Biens, D. 3, that, in all sales of goods in pos-
session, the property is changed immediately upon the making
of the contract; and Perk. § 22, adds, that such is the case,
although the actual possession is retained by the vendee, until
the fulfilment of the stipulated terms; and that if a man sell
his horse for money, though he may keep him till he is paid,
yet the property in the horse is in the bargainor or buyer; so
that if he tenders the price to the seller, and he refuses it, he
may take the horse, or have an action for the detainment.   In
the 2 Black. Com. 448, it is said, " as soon as the bargain is
struck, the property of the goods is transferred to the vendee,

and that of the price to the vendor, but the vendee cannot take the goods till he tenders the price agreed on." In the 1 Camp. 233, Lord Ellenborough is reported to have said, that the defendant, having written her name upon a piece of linen with a view to denote that she had purchased it, and to be appropriated to her use, the delivery was sufficient to authorize the maintenance of an action for the price, she having afterwards refused to take it away. And in *Anderson* v. *Scott,* 1 Camp. 235, where the plaintiff bargained for a number of casks of wine, whereupon the spiles or pegs, by which the wine was tasted, were cut off, and the name of the purchaser marked thereon, in the presence of the parties, by the defendant's clerk, it was holden to amount to a delivery. In *Elmore* v. *Stone,* 1 Taunt. 458, it appeared, that a pair of horses was offered for a certain price, and the offer was accepted, with a request that the seller would keep them for the buyer, he having no conveniencies for keeping them; whereupon the seller removed them to a different stable for the purpose, and thereby incurred some additional expense, and the sale was held to be complete. This case, however, has been doubted, and considered as going to the extremest verge of the law, but has not been expressly overruled. It is also laid down in the page of the commentaries before cited, that the goods sold, as stated in the citation, are at the risk of the vendee till paid for and taken away; and if destroyed by casualty in the meantime that the vendor may recover the price. And in *Butterfield* v. *Baker,* 5 Pick. 522, it is said, the distinction is, that, where a contract of sale is complete, it gives a right as between the parties, without a delivery, and the vendee may maintain trover for the article, or the vendor assumpsit for the price.

In the statement of facts, in this case, it does not explicitly appear, what length of time had elapsed, after the making of the bargain before the suit was commenced; nor whether the defendant was called upon to pay for, and take away the bureau; but as the Court, by the statement, is expressly authorized to draw inferences as a jury might, we must presume, as no question appears to have been made at the trial, and as

none is suggested in argument here, that she had not ample notice and opportunity, before the commencement of the auction, to have paid for and to have removed the bureau, that what was proper to have been done in this particular was done. It is not uncommon in the course of trials before the jury, for facts necessary to support the issues to be considered as admitted, when no question is made about them.

On the whole, we think that what took place, when the bureau was selected, brings this case within the principles of the authorities cited ; and that the delivery was such as to make the sale complete ; and that the defendant, upon request, could not have refused to pay for it, and take it away, without rendering herself liable as for goods sold and delivered.

Certain decisions, however, are supposed to be in conflict with these views. Lord Holt, in *Langfort* v. *Tyler,* 1 Salk. 113, is reported to have said, "if the vendee does not come and pay and take the goods the vendor ought to go and request him; and then, if he does not come and pay for and take the goods in convenient time, the agreement is dissolved; and he is at liberty to sell them to any other person." He does not say that the vendor may not elect to hold the vendee accountable for the price, as and for goods sold and delivered; and clearly, it would seem that he could not so hold, as it would be inconsistent with the opinions in the cases before cited, povided there were a request and refusal to take the goods away. And it may be noted, that there it is not stated, that any act amounting to a delivery is noticed as having occurred. It was a case, so far as appears, of a contract of sale merely.

In *Goodall* v. *Skelton,* 2 Hen. Bl. 316, the vendor expressly made it a condition, before he would part with his goods, that they should be paid for. Hence, of course, there was no delivery ; nor any thing more than an agreement to sell upon condition. Nor in *Simmons* v. *Swift,* 5 B. & C. 857, was there any delivery. It was a case of a contract of sale. The goods had not been weighed even, without which the contract of sale was not complete. The opinions expressed by the

learned justices in that case do not apply to a case like the one here. They might well say in that case, that an action for goods sold and delivered would not lie.

In *Hinde* v. *Whitehouse & al.* 7 East, 558, which was assumpsit to recover for the price of sugars sold at auction, and which had been burnt after the sale, and before delivery of any part, except a sample of each hhd., the plaintiff was allowed to recover. The delivery of the samples, as part of the whole, was held sufficient to take the case out of the statute of frauds; but for which, according to the authorities, the vendor in such case might have recovered, without an actual delivery. *Torling* v. *Baxter*, 6 B. & C. 360.

In the case of *Smith* v. *Chance*, 2 B. & A. 753, it seems to have been held, that, before a recovery, as goods sold and delivered can be had, there must be proof of delivery of the goods, or of their having been placed in the power of the vendee. In the case at bar the article sold had been set apart for the defendant by her request, and marked with her name, in her presence; and no stipulation was made that she should not take it away till paid for. It would seem that she might have taken it away at pleasure.

As agreed by the parties judgment must be entered for the plaintiff for $20, and interest thereon from the date of the writ.

SHEPLEY J. — dissenting. The agreed statement says, "this was an action of indebitatus assumpsit on an account annexed." This is considered as equivalent to a count for goods sold and delivered. The amount claimed being less than thirty dollars, the case is not within the staute of frauds. In such a case, when the bargain of sale and purchase for ready money has been so fully completed, that the seller has nothing more to do than to deliver the goods and receive his pay, the property is vested in the purchaser. He takes the risk, and if it be lost or destroyed, without the fault of the vendor, the vendee must bear the loss. But he does not become entitled to take possession of the goods without the consent of the

vendor, unless he pays the price. *Torling* v. *Baxter*, 6 B. & C. 360. Should the purchaser neglect to pay for and remove the goods, the seller may notify him to do so, and may, after a reasonable time has been allowed for that purpose, charge him with the storage, and if he please, resell the goods, and recover for the loss. *Langfort* v. *Tyler*, 1 Salk. 113 ; *Maclean* v. *Dunn*, 4 Bing. 722. And after the vendor has tendered or offered the goods to the vendee, or put him in a situation to enable him to receive them without payment ; and when the goods have been lost or destroyed without his fault, or a delivery has become impossible through the fault of the vendee ; the vendor may recover the value by an action of indebitatus assumpsit for goods sold and delivered. *Hinde* v. *Whitehouse*, 7 East, 558 ; *Smith* v. *Chance*, 2 B. & A. 753 ; *Studely* v. *Sanders*, 5 B. & C. 628. When none of these events have happened, and the vendor retains the possession and his lien for the price, he cannot maintain such an action. In Noy's Maxims, 88, it is said, " if I sell my horse for money, I may keep him until I am paid ; but I cannot have an action of debt, until he be delivered ; yet the property of the horse is in the bargainor or buyee." That an action for goods sold and delivered could not be maintained by the vendor, while he retained the goods to secure the payment of the price, was decided in the case of *Goodall* v. *Skelton*, 2 H. Bl. 316. In the case of *Simmons* v. *Swift*, 5 B. & C. 857, Mr. Justice Bayley said, " and even if the property had vested in the defendant, I should have thought, that it had not been delivered, and consequently that the price could not be recovered on a count for goods sold and delivered." Mr. Justice Littledale said, in the same case, " I think further, that an action for goods bargained and sold would not lie merely because the property passed." In a case where goods were sold for ready money and were packed in boxes furnished by the purchaser and in his presence, and he requested the seller to keep them for him till he could call and pay for them and take them away ; it was decided, that the seller could not recover the price on a count for goods sold and delivered ; although, after a refusal to take them, he might have

recovered on a count for goods bargained and sold. *Boulter* v. *Arnott*, 1 C. & M. 333.

By the application of these principles to the case it will be perceived, that the plaintiff is not entitled to recover the price in this form of action. The case states, that the defendant said she "would come in a short time and take it and pay for it." That it was "expected she would pay for it, when she took it, that nothing was said of the time of payment." There is nothing in the case, which shows, that the plaintiff ever relinquished his right to retain the possession until the price was paid; or that he had not a right to re-sell the article, after proper notice, at the time when this action was commenced. These rights he could not preserve and recover for the price on a count for goods sold and delivered. It is an essential ingredient to the recovery in such an action that these rights should be destroyed, and that the purchaser should either have actually received possession of the goods, or have been put in a situation to have enabled him to have taken possession without any hindrance on the part of the seller.

The doctrine is perfectly settled, and it is too familiar to require, that cases should be cited to establish it; that when there is no agreement for credit, the seller is entitled to payment upon delivery of the goods. The purchaser cannot therefore take them without his consent, until he has paid for them. In this case there is not the least testimony to prove a sale upon credit. On the contrary the proof is, that payment was to be made on delivery of the article. The witness says, that the purchaser said, she "would come in a short time and take it and pay for it." The other party making no objection, that must be regarded as the express agreement of the parties, as well as the contract implied by law. It is not perceived how there can be any just ground to conclude, that the purchaser might have taken away the article at pleasure and without payment. Such a conclusion would seem to be not only without any testimony to sustain it, but contrary to the testimony stated in the case.